UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND



Chambers of
Douglas R. Miller
United States Magistrate Judge

101 West Lombard Street
Baltimore, Maryland 21201
MDD_DRMChambers@mdd.uscourts.gov
(410) 962-7770

February 11, 2026

<u>LETTER OPINION</u>

Re:  *Robeson v. Commissioner of Social Security*
Civil No. 1:22-cv-02797-DRM

Dear Counsel:

Plaintiff has filed a Motion for Attorney Fees under the Social Security Act ("Act"), 42 U.S.C. § 406(b), in the amount of $27,262.00. ECF No. 23. The government has responded neither supporting nor opposing the motion. ECF 24. No hearing is necessary. See Loc. R. 105.6 (D. Md. Dec. 1, 2025). For the reasons set forth below, Plaintiff's motion for attorney's fees is GRANTED IN PART.

This Court has awarded Plaintiff's attorney, Arjun K. Murahari, Esq., $4,181.73 for a total of 17.25 hours worked on Plaintiff's case in federal court, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF 22. Plaintiff received an Award Notice, in which she was awarded $109,048.00 in past due benefits. ECF 23-4. Subsequently, Mr. Murahari filed a Motion in this Court, seeking $27,262.00 in attorney's fees. ECF 23. Mr. Murahari has agreed to reimburse Plaintiff in the amount of fees previously received. ECF 23-1; *see Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); *Stephens ex rel. R.E. v. Astrue*, 565 F.3d 131, 135 (4th Cir. 2009).

The Act authorizes a reasonable fee for successful representation before this Court, not to exceed twenty-five percent of a claimant's total past-due benefits. 42 U.S.C. § 406(b). Although contingent fee agreements are the "primary means by which fees are set" in Social Security cases, a court must nevertheless perform an "independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. In determining whether a request for attorney's fees under section 406(b) is reasonable, the Supreme Court has explained that a reviewing court may properly consider the "character of the representation and the results the representative achieved." *Id.* at 808. Importantly, the Supreme Court acknowledged that a contingent fee agreement would not result in a reasonable fee if the fee constituted a "windfall" to the attorney. *Id.* (quoting *Rodriquez v. Bowen*, 865 F.2d 739, 746-47 (6th Cir. 1989)). Courts may require the attorney to provide a record of hours spent working on the case and the attorney's typical hourly billing charge. *Id.*

*Robeson v. Commissioner of Social Security*
Civil No. 1:22-cv-02797-DRM
Page 2

     Here, Mr. Murahari and Plaintiff entered into a contingent fee agreement, by which Plaintiff agreed to pay Mr. Murahari twenty-five percent of all retroactive benefits to which she might become entitled. ECF 20-5. In his previous motion for attorney's fees pursuant to the EAJA, Mr. Murahari submitted itemized reports documenting 17.25 chargeable hours he expended before this Court in Plaintiff's case. *See* ECF 20-8. If Mr. Murahari receives the full amount of fees he requests, his fee for representation before this Court will effectively total $1,580.41 per hour. Mr. Murahari must therefore show that an effective rate of $1,580.41 per hour is reasonable for the services he rendered. *See Gisbrecht*, 535 U.S. at 807.

     Notably, Mr. Murahari's typical hourly billing rate is $350, ECF 20-6 ¶ 6. Courts in the Fourth Circuit have approved contingency fee agreements that produce much higher hourly rates in successful Social Security appeals. *See, e.g.*, *Melvin v. Colvin*, No. 5:10-CV-160-FL, 2013 WL 3340490 (E.D.N.C. July 2, 2013) (approving contingency fee agreement with hourly rate of $1,043.92); *Claypool v. Barnhart*, 294 F. Supp. 2d 829, 833 (S.D.W. Va. 2003) (approving contingency fee agreement with hourly rate of $1,433.12); *Lehman v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-10-2160 (D. Md. July 7, 2016) (unpublished) (approving contingency fee agreement with hourly rate of $1,028.14). This Court has routinely approved a higher hourly rate for Mr. Murahari. *See Arvie W. v. Comm'r, Soc. Sec. Admin.*, No. SAG-17-1148, 2019 WL 3975187 (D. Md. Aug. 22, 2019); *Barbara F. v. Comm'r, Soc. Sec. Admin.*, No. SAG-17-2090, 2019 WL 3340738 (D. Md. July 25, 2019); *Kimberly B v. Comm'r, Soc. Sec. Admin.*, No. SAG-16-2519, 2019 WL 1559426 (D. Md. Apr. 10, 2019); *Matthew C. v. Comm'r, Soc. Sec. Admin.*, No. JMC-20-3240, 2023 WL 3043906 (D. Md. Apr. 21, 2023); *Gina S. v. Kijakazi*, No. 22-2775-MBAH, 2025 WL 2734092 (D. Md. Sept. 25, 2025). However, the requested rate is significantly higher than those awards. Instead, this Court concludes that an hourly rate of $1,400.00, four times Mr. Murahari's typical hourly billing rate, is a reasonable rate in this case. A rate of $1,400.00 for 17.25 hours of work would result in a fee of $24,150.00, which is reasonable and should be approved.

     For the reasons set forth herein, this Court GRANTS IN PART Plaintiff's Motion seeking attorney's fees, ECF 23. This Court will award Mr. Murahari attorney's fees totaling $24,150.00. Mr. Murahari is directed to reimburse to Plaintiff the fees he received pursuant to the EAJA.

     Notwithstanding the informal nature of this letter, it should be docketed as an opinion. A separate implementing order follows.

                                                  Sincerely,

                                                  _____/s/_____

                                                  Douglas R. Miller
                                                  United States Magistrate Judge
                                                  District of Maryland